Willie James GREEN, Jr.,
Plaintiff–Appellant,

v.

Warren BROWN, In his individual and official capacity as an officer of the N.Y. State Police, Sergeant Scheidt, In his individual and official capacity as a Sergeant of the N.Y. State Police, Robert Anslow, Major, In his individual and official capacity as a Major of the N.Y. State Police, Inspector Arnold, In his individual and official capacity as an Inspector of the N.Y. State Police & Norberto Charlotten, NYS Trooper, Albany Troop "T", Defendants–Appellees,

James W. MCMAHON, Deputy Superintendent Field Command in his individual and Official capacity as Deputy Superintendent of Field Command, N.Y. State Police, Thomas A. Constantine, Superintendent, in his individual and official capacity as the Superintendent of the N.Y. State Police & George J. Myers, III, In his individual and official capacity and as Troop Commander of Troop "T", Defendants.

No. 02–152.

United States Court of Appeals,
Second Circuit.

May 25, 2004.

Willie James Green, Albany, NY, for Appellant, pro se.

Frank K. Walsh, Assistant Solicitor General, Office of the Attorney General, State of New York (Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), for Appellee, of counsel.

Present: WINTER, STRAUB, and LAY,* Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED and the motion to dismiss the appeal is DENIED as moot.

Plaintiff–Appellant Willie James Green, Jr., ("Green") appeals from the May 8, 2002 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) which, *inter alia,* dismissed his claim for state law negligence against certain officers of the New York State police department. We assume familiarity with the facts of this case and its procedural context.

Green raises only one issue on appeal. Namely, he argues that the District Court erred in dismissing his state law negligence claim as barred by the statute of limitations. On the record before us, however, there is no indication at all that his negligence claim was dismissed on statute of limitations grounds. In fact, the court's May 8, 2002 judgment states that "[a]t trial, the Court determined as a matter of law that plaintiff had not pled a state common law negligence claim...." There is no indication that the District Court's decision was based on the statute of limitations, and Green cites no evidence in the record to support this view. Green also fails to make any legal argument to support his claim and fails even to state the

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

facts of his case that could possibly entitle him to relief. While this Court reads a *pro se* litigant's papers liberally and "interpret[s] them to raise the strongest arguments that they suggest," *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994), "we need not manufacture claims of error for an appellant proceeding *pro se.*" *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995). Indeed, Green's brief has offered us too little information from which a claim could possibly be discerned.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED and the appellees' motion to dismiss the appeal is hereby DENIED as moot.